UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| VANESSA O. THOMPSON, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 4:18-CV-267 RWS |
| RICHARD K. DAVIS, et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Vanessa O. Thompson for leave to proceed in forma pauperis in this civil action. The Court has reviewed the financial information submitted in support, and will grant the motion. In addition, the Court will dismiss the complaint pursuant to 28 U.S.C. § 1915(e).

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This Court is required to liberally construe a pro se complaint, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and must accept plaintiff's factual allegations as true unless they are clearly irrational or wholly incredible. *Denton v. Hernandez,* 504 U.S. 25, 33 (1992). The Court is not required to "assume

facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004). Giving a pro se complaint the benefit of a liberal construction does not mean that the rules of ordinary civil litigation must be interpreted to excuse mistakes by those who proceed pro se. *McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff brings this unidentified action against defendants Richard K. Davis (Chairman and CEO of U.S. Bank N.A.); Tyler D. Beckerle (Attorney); and Mary Elizabeth Ott (St. Louis County Circuit Court Judge). The entirety of plaintiff's claim is as follows:

> Plaintiff was victim of breach or violation of a dead pledge, resulting illegal foreclosure that resulted in stolen estate, personal belongings and homelessness of plaintiff and children. [T]he defendants [were] involved in breach linear unconscionable contract, that resulted in a DEAD PLEDGE that took place in the [S]tate of Missouri on November 17, 2009.

Plaintiff seeks damages for emotional anguish, punitive damages, and the return of her estate.

## Discussion

Plaintiff's complaint is entirely unclear, but it appears that plaintiff's home was subject to foreclosure. Assuming this was the case, and she had a contract with a mortgage lender that she considers breached on November 17, 2009, the Court finds plaintiff's action barred by the five-year statute of limitations for contract claims. Missouri Revised Statute § 516.120 states that "All actions upon contract, obligations or liabilities, express or implied, except those mentioned in section 516.110, and except upon judgments or decrees of a court of record, and except where a different times herein limited" must be brought within five years. Plaintiff claims a breach of contract on November 17, 2009. The five-year statute of limitations on this claim would have

2

run on November 17, 2014. Plaintiff did not file this action until February 15, 2018, and thus it is time barred.

Furthermore, plaintiff has not made any factual allegations against defendants Davis, Beckerle, or Ott. Civil plaintiffs are required to set forth their claims in a simple, concise, and direct manner, and they are required to set forth the facts supporting such claims as to each named defendant. This Court's obligation to liberally construe plaintiff's complaint does not include the obligation to create facts or construct claims that have not been alleged. *See Stone*, 364 F.3d at 914-15. Having liberally construed the complaint and attached documents, the Court concludes that it is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii). *See also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (An action is factually frivolous if the facts alleged are "clearly baseless"; allegations are clearly baseless if they are "fanciful," "delusional," or "fantastic.").

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

An order of dismissal will accompany this memorandum and order.

Dated this 16th day of May, 2018.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE